**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **MELANIE JOSEPH,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:25-cv-00645-SRB |
| | ) | |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

# THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, The Lincoln National Life Insurance Company ("Lincoln"), files this, its Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff, Melanie Joseph ("Plaintiff"), and states as follows:

## THE PARTIES

1. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that it is a lawfully incorporated insurance company that lawfully conducts business in the State of Missouri. Lincoln admits that it was properly served in this action. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Lincoln admits that Plaintiff has brought a claim for recovery of benefits under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(1)(B) ("ERISA"). Lincoln specifically denies, however, that the bringing of this action

gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that it issued a Group Disability Income Policy (the "Policy") to Apple, Inc. ("Apple"), which, at certain times, insured disability benefits from the Group Long Term Disability Plan (the "LTD Plan") sponsored by Apple to provide long term disability benefits to certain of its employees. Lincoln admits that Plaintiff has brought a claim for recovery of benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that the bringing of this action gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits the Court has jurisdiction over this action under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq*. ("ERISA"). Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that venue is proper in this District and Division. Lincoln denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that venue is proper in this District and Division. Lincoln denies the remaining allegations contained in Paragraph 7 of the Complaint.

## INFORMATION REGARDING TRIAL

8. Lincoln admits the allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits the allegations contained in Paragraph 9 of the Complaint.

STATEMENT OF FACTS

10. Lincoln admits Plaintiff was, at certain times, employed by Apple as a Project/Program Administrative Manager 3. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that Apple sponsored the LTD Plan to provide disability benefits to certain of its employees. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits the allegations contained in Paragraph 12 of the Complaint.

13. To the extent that the allegations contained in Paragraph 13 seek to interpret the provisions of the relevant policy, Lincoln refers to the policy itself as the best evidence of its contents. Lincoln admits that the LTD Plan was sponsored by Apple. Lincoln admits that Plaintiff was, at certain times, employed by Apple and a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits that Plaintiff was, at certain times, employed by Apple and a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits the allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits the allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy and was delegated certain authority with regard to such claims by Apple as described in the Policy. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that it issued the Policy to Apple, which, at certain times, insured

disability benefits from the LTD Plan. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy, but Lincoln specifically denies that it was the Plan Administrator of the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. To the extent that the allegations contained in Paragraph 19 seek to interpret the provisions of the relevant policy, Lincoln refers to the policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits that the Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits that the Policy includes language pertaining to the definitions of "Material Duties" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits that the Policy includes language pertaining to the definitions of "Own Occupation" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits that Plaintiff was, at certain times, employed by Apple and a participant in the LTD Plan. To the extent that the allegations contained in Paragraph 23 seek to interpret the provisions of the relevant policy, Lincoln refers to the policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 23 of the

Complaint.

24. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits that certain documents concerning Plaintiff's job and own occupation are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits Plaintiff's last day of work at Apple was on January 1, 2024. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln is without sufficient knowledge to either admit or deny allegations concerning Plaintiff's communications with Apple, and accordingly, denies this allegation. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Upon information and belief, Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the Apple, Inc. Short Term Disability Plan (the "STD Plan") and that Sedgewick Claims Management Services ("Sedgewick") was the claims administrator for the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Upon information and belief, Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the STD Plan and that Sedgewick was the claims administrator for the STD Plan. Lincoln denies all remaining allegations contained in Paragraph

28 of the Complaint.

29. Upon information and belief, Lincoln admits the allegations contained in Paragraph 29 of the Complaint.

30. Lincoln admits Plaintiff submitted a claim for benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits it sent a letter to Plaintiff dated July 1, 2024, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln admits it sent a letter to Plaintiff dated July 1, 2024, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that medical reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln admits it received a letter from Plaintiff's counsel dated July 18, 2024, and that it sent an email to Plaintiff's counsel on July 23, 2024, with attachments, and Lincoln refers to the letter, email, and attachments themselves as the best evidence of their contents. Lincoln admits that medical reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Lincoln admits that medical reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln,

and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Lincoln admits that medical reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Lincoln admits that medical reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Lincoln admits that medical reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Lincoln denies the allegations contained in Paragraph 38 of the Complaint.

39. Lincoln denies the allegations contained in Paragraph 39 of the Complaint.

40. Lincoln admits it received a letter from Plaintiff's counsel dated December 16, 2024, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. Lincoln admits it sent a letter to Plaintiff dated January 9, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that documents pertaining to

an Independent Medical Examination are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. Lincoln admits that documents pertaining to an Independent Medical Examination are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Lincoln admits that documents pertaining to an Independent Medical Examination are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. Lincoln admits that documents pertaining to an Independent Medical Examination are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. Lincoln admits that documents pertaining to an Independent Medical Examination are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in

Paragraph 45 of the Complaint.

46. Lincoln admits that documents pertaining to an Independent Medical Examination are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. Lincoln admits that documents pertaining to an Independent Medical Examination are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. Lincoln admits that documents pertaining to an Independent Medical Examination are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 48 of the Complaint.

49. Lincoln admits that documents pertaining to an Independent Medical Examination are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 49 of the Complaint.

50. Lincoln admits that documents pertaining to an Independent Medical Examination are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD

Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 50 of the Complaint.

51. Lincoln admits that documents pertaining to an Independent Medical Examination are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 51 of the Complaint.

52. Lincoln admits that documents pertaining to an Independent Medical Examination are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 52 of the Complaint.

53. Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 53 of the Complaint.

54. To the extent that Plaintiff is relying on documents that are not contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, Lincoln states that the Court's review in this action is limited to the administrative record and refers to the administrative record itself as the best evidence of its contents. Lincoln admits that certain documents concerning Plaintiff's own occupation at Apple

are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 54 of the Complaint.

55. Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that certain documents concerning Plaintiff's own occupation at Apple are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 55 of the Complaint.

56. Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that certain documents concerning Plaintiff's own occupation at Apple are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 56 of the Complaint.

57. Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence

of its contents. Lincoln denies all remaining allegations contained in Paragraph 57 of the Complaint.

58. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln further admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 58 of the Complaint.

59. Lincoln admits it received a letter from Plaintiff's counsel dated March 19, 2025, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 59 of the Complaint.

60. Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 60 of the Complaint.

61. Lincoln denies the allegations contained in Paragraph 61 of the Complaint.

62. Lincoln admits it sent a letter to Plaintiff's counsel dated May 10, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 62 of the Complaint.

63. Lincoln admits that it received an email from Plaintiff's counsel dated May 15, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all allegations contained in Paragraph 63 of the Complaint.

64. Lincoln admits that an email responding to Plaintiff's counsel's May 15, 2025, letter was sent to Plaintiff's counsel on May 16, 2025, but Lincoln refers to the email itself as the best evidence of its contents. Lincoln admits that an email was sent to Plaintiff's counsel on July 3, 2025, but Lincoln refers to the email itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 64 of the Complaint.

65. Lincoln admits that internal claim notes are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 65 of the Complaint.

66. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process and denies that Plaintiff has exhausted administrative remedies with regard to a claim under 29 U.S.C. § 1132(a)(3). Lincoln denies all remaining allegations contained in Paragraph 66 of the Complaint.

67. To the extent that the allegations contained in Paragraph 67 seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents.

Lincoln admits that the Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 67 of the Complaint.

## CAUSES OF ACTON

### COUNT I
### 29 U.S.C. § 1132(a)(1)(B) - WRONGFUL DENIAL OF BENEFITS

68. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 67 of the Complaint as though fully set forth in response to Paragraph 68 of the Complaint.

69. Lincoln denies the allegations contained in Paragraph 69 of the Complaint.

70. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 70 of the Complaint.

71. Lincoln denies all allegations contained in Paragraph 71 of the Complaint.

72. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, along with recovery of attorneys' fees, costs, and prejudgment interest, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 72 of the Complaint.

### COUNT II
### 29 U.S.C. § 1132(a)(3) - BREACH OF FIDUCIARY DUTY

73. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 72 of the Complaint as though fully set forth in response to Paragraph 73 of the Complaint.

74. To the extent the allegations in Paragraph 74 contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies the allegations contained in Paragraph 74 of the Complaint.

75. To the extent the allegations in Paragraph 75 contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies the allegations contained in Paragraph 75 of the Complaint.

76. To the extent the allegations in Paragraph 76 contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies the allegations contained in Paragraph 76 of the Complaint.

77. Lincoln admits it issued the Policy to Apple, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 77 of the Complaint.

78. Lincoln denies the allegations contained in Paragraph 78 of the Complaint.

79. Lincoln admits it issued the Policy to Apple, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 79 of the Complaint.

80. To the extent that the allegations contained in Paragraph 80 constitute legal conclusions, Lincoln is not required to respond. Lincoln denies all remaining allegations contained in Paragraph 80 of the Complaint.

81. Lincoln denies the allegations contained in Paragraph 81 of the Complaint.

82. Lincoln denies the allegations contained in Paragraph 82 of the Complaint.

83. Lincoln denies the allegations contained in Paragraph 83 of the Complaint.

84. Lincoln denies the allegations contained in Paragraph 84 of the Complaint.

85. Lincoln denies the allegations contained in Paragraph 85 of the Complaint.

86. Lincoln denies the allegations contained in Paragraph 86 of the Complaint.

87. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, along with recovery of attorneys' fees, costs, and prejudgment interest, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 87 of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan under the Policy was an abuse of discretion because the Policy contains sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which requires offset and/or repayment of income earned by Plaintiff or any award of other benefits, including any disability or retirement benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Plaintiff's claim for breach of fiduciary duty and claim under Section 502(a)(3) of ERISA against Lincoln fails as a matter of law due to the availability of a claim for recovery of benefits under Section 502(a)(1)(B) of ERISA.

7. The damages, if any, claimed by Plaintiff are limited to those available under ERISA, which precludes recovery of compensatory, punitive, or damages other than recovery of benefits allegedly owed to Plaintiff.

8. Lincoln reserves the right to assert additional defenses.

**PRAYER**

WHEREFORE, having fully answered Plaintiff's Complaint, Lincoln moves this Court to dismiss Plaintiff's Complaint with prejudice, award its costs and fees expended herein and for such other and further relief as the Court deems proper

Respectfully submitted,

By: */s/ Dan S. Folluo*

Dan S. Folluo, MOBAR #66582
dfolluo@rhodesokla.com
RHODES HIERONYMUS, JONES, TUCKER & GABLE
P.O. Box 21100
Tulsa, Oklahoma 74121-1100
(918) 582-1173; (918) 592-3390 [fax]

- and -

Iwana Rademaekers (Texas Bar No. 16452560)
(*Pro Hac Vice Application Pending*)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

**CERTFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court this 12th day of September, 2025, to be served by operation of the Court's electronic filing system upon the following:

Derrick A. Pearce
dpearce@burnettdriskill.com

Benjamin Narrell
bnarrell@burnettdriskill.com

*Attorneys for Plaintiff*

*/s/ Dan S. Folluo*
Dan S. Folluo